LEWIS SCHUMACHER, Respondent, v. BAR ADLER, Appellant.

No. 1411; October 29, 1867.

Contracts—Quantum Meruit.—On a Complaint, in an Action on a contract, setting out the contract in haec verba and performance by the plaintiff's assignor, except as excused by the defendant, and claiming the contract price throughout and payment in gold according to the terms of the contract, recovery cannot be asked as for a quantum meruit et valebat.

APPEAL from Twelfth Judicial District, San Francisco County.

A. B. Bates for respondent; Tod Robinson for appellant.

SANDERSON, J.—The only question which need be noticed relates to the cause of action. If the suit is upon the contract, and not upon a quantum meruit et valebat, it is

conceded by the respondent that a nonsuit should have been granted.

We think the action must be considered as upon the contract. If the complaint be regarded as counting on a quantum meruit et valebat, it certainly is a novelty. It sets out the contract in haec verba, and alleges a performance on the part of the plaintiff's assignor, except as excused by the defendant, claims the contract price throughout and payment in gold according to the terms of the contract. Such is not the language of a complaint which counts on a quantum meruit or a quantum valebat. The language of the former is that the plaintiff has rendered certain services to the defendant, without any express agreement as to compensation, and that the same are reasonably worth a certain sum, which the defendant impliedly promised to pay, and for which he sues. So of the latter—that the plaintiff has furnished certain goods, without any agreement as to price, which are reasonably worth a certain sum, which the defendant impliedly promised to pay, etc. But we do not deem it necessary to analyze the complaint; the prayer for a judgment payable in gold according to the terms of the contract furnishes a key to the whole matter. Unless the action is upon the contract, there can be no judgment payable in gold. Moreover, the plaintiff sues as assignee of the contract and not of an account or money due for work and labor and materials. He shows no right of action except as assignee of the contract.

If we ignore the actual facts and look singly at the averments of the complaint, no doubt can be entertained as to the true cause of action. The true reason why the complaint was made to take its peculiar form, in view of the true facts of the case, is quite apparent. The pleader desired to obtain a gold judgment which he knew he could not get if he sued squarely upon his real cause of action, hence the peculiar form of the complaint. Whoever attempts the feats of the ring may reasonably expect the consequences which frequently follow. Whoever undertakes to ride two horses at the same time takes the risk of coming to the ground.

Order and judgment reversed and cause remanded for further proceedings.

We concur: Sawyer, J.; Currey, C. J.; Rhodes, J.; Shafter, J.